UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT COURT OF NORTH CAROLINA



Regina Boston,

    Plaintiff.

Case No. 3:12cv520-GCM

-v-

SKO BRENNER AMERICAN, INC.,
("BRENNER").

    Defendant.

## AMENDED COMPLAINT

Regina Boston, hereby sues Defendant, SKO BRENNER AMERICAN, INC.

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

3. Venue is proper in this District Court pursuant to 28 U.S.C. §1391b.

4. Plaintiff, Regina Boston is a natural person and is a resident of the State of North Carolina.

5. Defendant, BRENNER is a New York corporation, and is authorized to do business in North Carolina.

6. All conditions precedent to the bringing of this action have been performed, waived or excused.

### FACTUAL ALLEGATIONS

7. Plaintiff obtained her consumer credit reports from the three major credit reporting agencies and found entries by entities that she was unfamiliar with in the reports.

8. Plaintiff found, after examination of her Equifax consumer credit report, that Defendant BRENNER had obtained Plaintiff's Equifax consumer credit report on August 15, 2011.

9. Discovery of violation brought forth herein occurred in August of 2012 and is within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT SKO BRENNER AMERICAN, INC.

10. Paragraphs 1 through 9 are re-alleged as though fully set forth herein.

11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

12. Equifax is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

13. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

14. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

15. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

16. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant.

17. In **August of 2011,** Defendant obtained the Plaintiff's Equifax consumer credit report without permissible purpose and in violation of the FCRA, 15 U.S.C. § 1681b. Plaintiff had no account whereby Defendant could claim permissible purpose and said actions were a clear violation of Plaintiff's privacy.

18. Plaintiff sent a notice to BRENNER of their violation of the FCRA on July 6, 2012 and on July 15, 2012. These were attempts to mitigate damages and reach a settlement for their violation in

obtaining Plaintiff's credit report before taking civil action against them. Plaintiff was not able to settle this matter with defendant prior to litigation.

19. At no time did Plaintiff give her consent for BRENNER to acquire her consumer credit report from any credit reporting agency.

20. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

21. At no time has BRENNER ever provided any valid justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, BRENNER for statutory damages of $1,000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all triable issues as a matter of law.

Dated: October 15, 2012

Respectfully submitted,

Regina Boston
1220 Ballina Way
Charlotte, NC 28214