UNITED STATES DISTRICT COURT
WESTERN DIVISION OF NORTH CAROLINA
3:12-cv-520-GCM

Regina Boston,  )
    Plaintiff.  )
      )
      )
-v-  )
      )
SKO BRENNER AMERICAN, INC.,  )
    Defendant.  )
      )

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS

### NOTICE TO PRINCIPAL IS NOTICE TO AGENT
### NOTICE TO AGENT IS NOTICE TO PRINCIPAL

1. Plaintiff's original Complaint was served on Defendant on August 17, 2012.

2. Plaintiff submitted original complaint with in forma pauperis paperwork.

3. Plaintiff filed an amended complaint on October 15, 2012 amending the name and the complaint in general.

4. Defendant did not file the Motion to Quash until October 17, 2012.

5. Defendant filed their Motion to Quash electronically. Therefore, Defendant's counsel had time before mailing the Motion to Quash to electronically view Plaintiff's Amended Complaint before drafting their motion.

6. Plaintiff also faxed to Defendant the amended complaint on October 15, 2012 (see exhibit). Therefore, Defendant had the opportunity to see what the amended complaint would look like *prior* to the summons being served and *prior* to drafting their motion. Alternatively, Defendant's motion to dismiss or motion to quash would not have been filed before giving Plaintiff the allotted time to execute service of the amended complaint.

7. Plaintiff has not prejudiced the Defendant or its amount of defense in any way.

8. Plaintiff's amended complaint was served on Defendant's legal counsel via USPS, certified mail number 7012 1640 0000 6934 9204 on October 29, 2012.

9. Defendants have acknowledged their receipt of the Complaint because they responded to it by requesting an extension of time to answer. Therefore, in Plaintiff's view, although Defendants had not received actual service; they knew about it, responded to it, and accepted responsibility for it. Therefore they accepted service via de facto service.

10. SKO Brenner American, INC has been properly served and is a party to the filed complaint.

11. In an order dated October 2, 2012, the Court gave Plaintiff the opportunity to amend pleadings that were deficient in stating a claim upon which relief could be granted.

12. Plaintiff has taken the opportunity provided by the court to correct said deficiencies within her pleadings. The named Defendant was among those amended pleadings.

WHERFORE, Plaintiff moves the Court not to dismiss or quash Plaintiff's complaint and that Plaintiff is granted statutory relief, attorney's fees, costs and any other and further relief the Court deems proper.

Dated: October 31, 2012

Respectfully submitted,

*[signature: Regina Boston]*

Regina Boston
1220 Ballina Way
Charlotte, NC 28214

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS/ MOTION TO QUASH

13. While Fed.R.Civ.P. 15 places leave to amend within the sound discretion of the trial court, we have stressed that a court must remain guided by "the underlying purpose of Rule 15 ... to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir.1981); see also Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

14. A pro se litigant must be given leave to amend his or her complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (Per Curiam).

15. The rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel. Indeed, the Supreme Court has held that allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, *404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972) (Per Curiam); see also Maurer v. Individually and as Members of Los Angeles County Sheriff's Dept., 691 F.2d 434, 437 (9th Cir.1982); Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir.1980).*

16. Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the *unrepresented* Plaintiff's amended complaint, which this Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. *See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).*

WHERFORE, Plaintiff asks the Court not to Dismiss Plaintiff's second amended complaint and allow that Plaintiff will proceed better and accordingly in the future.

Dated: October 31, 2012

Respectfully submitted,

*Regina Boston*

Regina Boston
1220 Ballina Way
Charlotte, NC 28214

## Certificate of Service

I, Regina Boston do hereby certify that I have served the parties with a copy of **RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS/MOTION TO QUASH** by USPS Mail on the 31st of October 2012, to the following addressee and address:

Bernhardt & Strawser. P.A.
Attn: Michael B. stein
5821 Fairview Rd, Ste. 100
Charlotte, NC 28209

*Regina Boston*
Regina Boston, Lawful Woman,
1220 Ballina Way
Charlotte, North Carolina [28214]

**EXHIBIT A**

TRANSMISSION VERIFICATION REPORT

TIME : 10/15/2012 06:44

```
DATE,TIME              10/15 06:42
FAX NO./NAME           17169010754
DURATION               00:01:38
PAGE(S)                05
RESULT                 OK
MODE                   STANDARD
                       ECM
```

## NOTICE OF FILED COMPLAINT PRIOR TO SUMMONS

Regina Boston
1220 Ballina Way
Charlotte, NC 28214

SKO Brenner American, Inc.
40 Daniel Street
P.O. Box 230
Farmingdale, NY 11735

October 15, 2012

A summons will soon be issued to you from the United States District Court.

However, there is still time to settle this matter amicably if you respond within seven business (7) days, which will be October 24, 2012. I appreciate that you are willing to delete the inquiry from my credit reports with all credit bureaus. However, violations have been committed and is on the record. I will submit to payment of statutory damages.

You may contact me at gsongboss67@yahoo.com. I have communicated with you on several occasions to settle this matter.

Best Regards,

*(signature)*
Regina Boston