IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00520-GCM

| | | |
|---|---|---|
| REGINA BOSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SKO BRENNER AMERICAN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER comes before the Court on Defendant's Motions to Quash Service Or in the Alternative to Dismiss the Complaint [Doc. Nos. 6 and 12]; Plaintiff's filings in response [Doc. Nos. 10, 15, 17]; and Defendant's reply [Doc. No. 18]. For the reasons stated herein, Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED.

I.     FACTUAL BACKGROUND

Plaintiff, who is proceeding pro se, originally filed her Complaint against an "SKO Brenner" on August 17, 2012. [Doc. No. 1]. On October 15, 2012, Plaintiff filed an Amended Complaint in which she named SKO Brenner American as the sole defendant.[1] In the Amended Complaint, Plaintiff contends that SKO Brenner American willfully violated 15 U.S.C. § 1681b of the Fair Credit Reporting Act by obtaining Plaintiff's consumer report without a permissible purpose as

---

[1] In Plaintiff's original complaint, Plaintiff included two counts of a violation of the Fair Credit Reporting Act – willful and negligent noncompliance. However, in her amended complaint, Plaintiff only alleges willful noncompliance by Defendant.

defined by 15 U.S.C. § 1681b.[2] [Doc. No. 5 ¶ 17]. Specifically, Plaintiff alleges that "in August of 2011, Defendant obtained [her] Equifax consumer credit report without permissible purpose and in violation of the FCRA, 15 U.S.C. §1681b. Plaintiff had no account whereby Defendant could claim permissible purpose and said actions were a clear violation of Plaintiff's privacy." [*Id*. ¶ 17]. Plaintiff states that "[she] has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant." [*Id*. ¶ 16]. Plaintiff contends that she is entitled to statutory damages, attorney's fees and costs, pursuant to 15 U.S.C. § 1681n. [*Id*. § 21].

II.     STANDARD OF REVIEW

To survive a motion to dismiss, the plaintiff must make factual allegations which "raise a right to relief above the speculative level" and plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545-47 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The court must view the complaint in the light most favorable to the plaintiff and take the plaintiff's allegations as true. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). The Fourth Circuit requires district courts to construe *pro se* complaints liberally to ensure that valid claims do not fail for lack of legal specificity. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Ensuring that form does not trump substance also requires courts to "look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff" to determine whether a *pro se* plaintiff can survive a motion to dismiss. *Garrett v. Elko*, 1997 WL 457667 at *

---

[2] The Court notes that this is one of at least nine pro se actions that Plaintiff has filed in this Court in which she has sued various entities, alleging that the entities violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., by obtaining Plaintiff's consumer credit report without a permissible purpose.

1 (4th Cir. 1997) (per curiam) (referencing *Gordon*, 574 F.2d at 1149-1151). However, this liberal construction need not extend to outright advocacy for the *pro se* plaintiff. *Gordon*, 574 F.2d at 1151. *Pro se* plaintiffs, with the assistance of the district court's lenient eye, must still do more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. a 555 (internal citations omitted). Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). In light of *Twombly* and *Bass*, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice.

III. ANALYSIS

The Fair Credit Reporting Act ("FCRA") imposes civil liability for improper use and dissemination of credit information by a consumer reporting agency or user of reported information who willfully or negligently violates the Act. *Rush v. Macy's New York, Inc.*, 775 F.2d 1554, 1557 (11th Cir. 1985). Such liability may be imposed on users of information that obtain credit reports of consumers for purposes not specified in § 1681b. *Hinkle v. CBE Grp*, 2012 WL 681468 (S.D.Ga. 2012).

Section 1681b(f) of the Fair Credit reporting Act states:

A person shall not use or obtain a consumer report for any purpose unless –

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f).

Section 1681(a) provides the circumstances under which "any consumer reporting agency may furnish a consumer report." These circumstances include furnishing a report to a person who

the consumer reporting agency has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(1)(3)(A). Other permissible purposes include: in response to a court order, pursuant to written instructions by the consumer; for employment purposes; for underwriting of insurance; for eligibility for a license; for assessment of risk for an existing credit; in relation to legitimate business needs of the consumer; to review an account or to determine if the consumer meets the terms of the account, for issuance of government sponsored charge cards; in relation to child support enforcement; to an agency administering a State plan under 42 U.S.C. § 654, and to certain agencies in preparation for appointment as a conservator, receiver, or liquidating agent. 15 U.S.C. § 1681b(a)(1)-(6).

Here, Plaintiff alleges that Defendant violated the FCRA in August 2011 by obtaining her credit report without a permissible purpose. Plaintiff contends that "[she] has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant." [*Id*. ¶ 16]. Plaintiff contends that she is entitled to statutory damages, attorney's fees and costs, pursuant to 15 U.S.C. § 1681n. [*Id*. § 21]. Plaintiff's allegations fail to establish that Defendant's conduct was impermissible under the FCRA.

Plaintiff's claim is against the single Defendant SKO Brenner American, Inc. An inquiry of the Defendant's name in the google search engine reveals that Defendant is a collection agency. As this is clearly a matter of public record, the Court will take judicial notice of the fact that Defendant SKO Brenner American, Inc., is a collection agency. A collection agency is permitted to obtain a consumer report if the agency is doing do for the purposes of collecting a debt. *See* 15

U.S.C. § 1681b(a)(3)(A); *Korotki v. Attorney Servs. Corp. Inc.,* 931 F. Supp 1269, 1276 (D. Md. 1996); *Hinkle,* 2012 WL 681468; *see also Chavez v. Premier Bankcard, LLC,* 2011 WL 5417107 (E.D.Cal. 2011); *Pyle v. First National Collection Bureau*, 2012 WL 1413970 (E.D.Cal 2012).

Plaintiff's allegation that "[she] has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant" fails to establish that Defendant's activities were impermissible. [Doc. No. 5 ¶ 17]. Plaintiff need not have had direct contact with Defendant in order for Defendant to lawfully obtain a copy of a consumer report. *Hinkle*, 2012 WL 681468. Provided that Defendant obtained Plaintiff's consumer report "in conjunction with its collection activities," defendant acted with a permissible purpose under the FCRA. *Hinkle*, 2012 WL 681468; *see also* 15 U.S.C. ¶ 1681b(a)(3)(A). Indeed, even where defendants have made a good faith mistake in pulling a consumer report, there is no violation of the FCRA. *Beckstrom v. Direct Merchant's Credit Card Bank*, 29005 L 1869107 (D. Minn. 2005); *Shah v. Collecto, Inc.,* 2005 WL 2216242 (D. Md. 2005).

Here, a simple internet search reveals that Defendant is a collection agency. Plaintiff has failed to establish that Defendant is not, in fact, a collection agency or that she did not owe any debt that Defendant was seeking to collect on behalf of some other entity. *See Pyle v. First national Collection Bureau*, 2012 WL 1413970 (E.D. Cal. 1012) (Court concluded based on Defendant's name that Defendant was a collection agency and dismissed Plaintiff's Complaint alleging a violation of the FCRA based on conclusory allegations). Therefore, Defendant, as a collection agency, appears to have acted with a permissible purpose under the FCRA.

Next, even assuming Defendant was not permitted under the FCRA to obtain Plaintiff's consumer report, Plaintiff's complaint includes only conclusory statements that Defendant violated

5

the FCRA by obtaining Plaintiff's consumer report without a permissible purpose. Plaintiff states that Defendant obtained her consumer report and makes the leap that because she did have "any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant," Defendant is in violation of the Fair Credit Reporting Act. [Doc. No. 5 at 1]. Plaintiff alleges no facts supporting her assertion that Defendant's violation was "willful." "Put plainly, the factual matter offered by Plaintiff in her amended complaint, establishes nothing beyond speculation as the 'mere possibility' of a violation of the FCRA, without presenting 'enough facts to raise a reasonable expectation that discovery will reveal' unlawful conduct." *Hinkle* at \*9, *quoting Twombly*, 550 U.S. at 556. Plaintiff has not provided a sufficient factual basis to support her claim and her concluory statements do not contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Chavez,* 2011 WL 5417107 (*citing Iqbal*, 129 S. Ct at 1949); *see also Hinkle*, 2012 WL 681468 (recommending dismissal on initial review due to the plaintiff's failure to provide "specific factual allegations . . . or set forth necessary details concerning how actions undertaken by [the defendant] may have violated the FCRA"); *Pyle v. First National Collection Bureau*, 2012 WL 1413970 (E.D. Cal. 2012) (dismissing Complaint alleging violation of FCRA on initial review for failure to state a claim for relief). In sum, Plaintiff's "unadorned, conclusory facts are not sufficient to survive Defendant's motion." *Nowlin v. Avis Budget Corp.*, 2011 WL 7087109 (M.D.N.C. 2011), *adopted* 2012 WL 204162 (M.D.N.C. 2012) (dismissing complaint alleging willful and negligent non-compliance with 15 U.S.C. § 1681(f) based on allegation that defendant initiated pull of credit report without permissible purpose because such conclusory facts failed to state a claim for relief). The Court concludes that Plaintiff has failed to state a claim under the FCRA.

**IT IS, THEREFORE ORDERED:**

(1) Defendant's Motions to Dismiss [Doc. Nos. 6 and 12] are GRANTED and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED.

Signed: December 3, 2012

Graham C. Mullen
United States District Judge